IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 11-40077-01-RDR**

RASCHON JONTUE SMITH,

        Defendant.

## **O R D E R**

This matter is presently before the court upon defendant's motion to continue trial setting, which is presently set for December 5, 2011. The defendant seeks to continue the trial of this case for sixty days because (1) defense counsel has a jury trial scheduled to begin on the same date in Shawnee County District Court; and (2) the parties are in the process of negotiating a settlement in lieu of trial. The defendant notes that the government has no objection to this continuance.

The defendant is charged in a three-count indictment with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The defendant has been detained pending trial. The instant motion is the second request for a continuance of this trial. The previous motion requested a continuance because the

parties were negotiating a settlement in lieu of trial. At that time, the defendant requested a continuance of sixty days, but the court only granted a continuance of thirty days.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The defendant may not prospectively waive the application of the Speedy Trial Act. Zedner v. United States, 547 U.S. 489, 500 (2006).

Having carefully reviewed the instant motion, the court will again grant it in part. The court finds that the denial of the

requested extension may deny counsel and defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that a continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter. However, the court finds it unnecessary to grant a continuance of sixty days. The court believes that the defendant and counsel can be prepared for trial on January 4, 2012. The court will look unfavorably on any further efforts to continue the trial of this matter.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

**IT IS THEREFORE ORDERED** that defendant's motion to continue trial setting (Doc. # 16) be hereby granted in part and denied in part. The court shall continue the trial of this case to January 4, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge