IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs. **Case No. 11-40077-01-RDR**

RASCHON JONTUE SMITH,

Defendant.

---

**MEMORANDUM AND ORDER**

On February 2, 2012, the court held a hearing on the defendant's motion to suppress. Prior to the hearing, the defendant raised various concerns about his present counsel, Steve Rosel, who was retained. He asked the court to appoint new counsel to represent him. The court ultimately heard evidence on the motion to suppress and denied it. The court also granted the defendant's motion for appointment of new counsel. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant is charged in a three-count indictment. He is charged with (1) possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

**MOTION TO SUPPRESS/MOTION TO DISMISS**

The deadline for filing pretrial motions was September 20, 2011. The defendant filed several motions to continue the trial of this case. The trial is currently set for February 14, 2012. The defendant filed the motion to suppress on January 13, 2012. The government responded with a motion to dismiss the defendant’s motion.

In his motion, the defendant seeks to suppress the evidence that was seized on June 17, 2011 because he asserts that the evidence was obtained prior to the judge signing the search warrant for the evidence. The defendant notes that the search warrant was signed by a state court judge on June 17, 2011 at 5:53 p.m. He further notes that the return of the search warrant shows that the search warrant was received on June 17, 2011 at 5:33 p.m. by the officer who conducted the search.

In its motion to dismiss, the government points out that the officer who conducted the search realized that the return contained a clerical error and submitted an affidavit on June 27, 2011 indicating that he actually received the search warrant at 5:53 p.m. on June 17, 2011, not 5:33 p.m. as stated in the return. The government notes that this supplemental report is contained in the discovery that the defendant has received. The government thus suggests that no grounds exist for the motion filed by the defendant.

In an abundance of caution, the court decided to hear evidence on this motion even in light of its tardiness and potential merit. Based upon that evidence, the court makes the followings findings of fact and conclusions of law.

*Findings of Fact*

1. On June 17, 2011 at 5:53 p.m., Judge David Platt of the District Court of Geary County, Kansas signed a search warrant for an apartment located at 411 W. 5th Street in Junction City, Kansas. The defendant resided at that apartment.

2. The Junction City Police Department (JCPD) tactical team received the search warrant and proceeded to the apartment at approximately 6:30 p.m. Following the execution of the search warrant, John Berrios, a detective with the JCPD, was responsible for preparing the inventory, receipt and return to the search warrant. At the top of the inventory form, he indicated that he had received the search warrant at 5:33 p.m.

3. A few days later, Detective Berrios realized that he had put the incorrect time on the inventory form. He simply wrote down the wrong time, believing that the search warrant indicated that it was issued at 5:33 p.m., not 5:53 p.m. On June 27, 2011, he prepared an affidavit indicating his mistake and placed it in the case file.

4. The court found Detective Berrios' testimony credible that he made a mistake in filling out the inventory form. Detective

Berrios is an experienced law enforcement officer who made a human error. The search warrant was signed at 5:53 p.m. and then executed at approximately 6:30 p.m.

*Conclusions of Law*

1. There is no reliable evidence to support the defendant's contention that his apartment was searched prior to the issuance of the search warrant. The evidence relied upon by the defendant--the time of the signing of the search warrant that differed from the time stated on the inventory sheet--was the product of a mistake by the officer filling out the form and provides no basis for the suppression of any evidence seized from the defendant's apartment.

2. The motion was also untimely filed. The defendant's counsel provided no explanation or excuse for the delay in filing this motion. The motion is also denied as untimely.

3. Accordingly, the defendant's motion to suppress shall be denied. The government's motion to dismiss shall be denied as moot.

**MOTION FOR NEW COUNSEL**

Following the hearing on the motion to suppress, the court heard additional arguments from the defendant and Mr. Rosel on the defendant's efforts to terminate the representation of Mr. Rosel and gain new appointed counsel in this case. The court was ultimately persuaded that new counsel should be appointed in this

case. The court believes there has been a complete breakdown in communication between the defendant and Mr. Rosel. See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005). The court has reviewed the defendant's financial affidavit and has determined that he is entitled to appointed counsel.

The court shall appoint Jason Hoffman to represent the defendant. The court shall extend the previously scheduled deadlines to allow new counsel to gain familiarity with the case. The defendant shall have until March 9, 2012 in which to file pretrial motions. The government shall have until March 19, 2012 in which to file responses. The hearing on all pretrial matters shall be held on March 29, 2012 at 9:30 a.m.

The court finds that the period of delay resulting from the additional time granted shall be excludable time as provided in 18 U.S.C. § 3161(h)(7) because the ends of justice served by the granting of this motion outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress (Doc. # 24) be hereby denied.

**IT IS FURTHER ORDERED** that the government's motion to dismiss defendant's motion to suppress (Doc. # 25) be denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion to terminate Steve Rosel as his retained counsel and appoint new counsel be hereby granted. Steve Rosel is terminated from any further

representation in this case. The court appoints Jason Hoffman to represent the defendant. The defendant shall have until March 9, 2012 in which to file pretrial motions. The government shall have until March 19, 2012 in which to file responses. The hearing on pretrial motions shall be held on March 29, 2012 at 9:30 a.m. The period of delay resulting from this extension shall be excludable under 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED.**

Dated this 7th day of February, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge